UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 09-20678-Civ-KING/BANDSTRA

MATTHEW ASHE,

        Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda company
d//b/a NORWEGIAN CRUISE LINE,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF ORDER GRANTING ITS MOTION FOR PROTECTIVE ORDER BY DEFAULT

THIS CAUSE having come before the Court on Defendant's Motion for Entry of Order Granting its Motion for Protective Order by Default, and the Court having reviewed same and being otherwise duly advises in the premises, it is thereupon

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion for Entry of Order Granting its Motion for Protective Order by Default is hereby GRANTED.

2. Plaintiff's areas of inquiry shall be limited as follows:

    a. Area of inquiry No. 1 shall limited to the Defendant's policies and procedures relating to assault and battery which were in effect at the time of the alleged incident.

    b. Areas of inquiry Nos. 3, 5 and 14 shall be limited to policies, procedures, and protocols in effect at the time of the alleged incident and further limited to those

CASE NO. 09-20678-Civ-KING/BANDSTRA

policies, procedures, and protocols which relate to passenger-on-passenger assault-and-battery.

c. Plaintiff shall be precluded from inquiring into area of inquiry No. 6.

d. Area of inquiry No. 7 shall be limited to prior incidents on the subject cruise vessel for a period of three (3) years prior to the Plaintiff's alleged incident, shall be further limited only to passenger-on-passenger assault-and-battery, and counsel for Plaintiff shall be precluded from inquiring into the identity and personal information of other passengers involved in any such incidents.

e. Areas of inquiry Nos. 9 and 10 shall be limited to information relating only to assault-and-battery, and not harassment.

f. Area of inquiry No. 15 shall be limited to Defendant's security system, security patrols, and security logs aboard its vessels regarding the prevention of passenger-to-passenger assault-and-battery, in effect at the time of the alleged incident.

g. Area of inquiry No. 23 shall be limited to prior incidents on the subject cruise vessel for a period of three (3) years prior to Plaintiff's alleged incident, to only passenger-on-passenger assault-and-battery, and be precluded from inquiring into the identity and personal information of other passengers involved in any such incidents.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida this ___2___ day of ___Nov.___, 2009.

_____
JAMES LAWRENCE KING
JUDGE, U.S. DISTRICT COURT

Copies furnished to:

See attached Service List

CASE NO. 09-20678-Civ-KING/BANDSTRA

## SERVICE LIST
### CASE NO. 09-20678-Civ-KING/BANDSTRA

| JAMES M. WALKER, ESQ.<br>FBN 755990<br>jwalker@cruiselaw.com<br>Walker & O'Neill, P.A.<br>Suite 430 Plaza 57<br>7301 S.W. 57th Court<br>Miami, FL 33143<br>Tel: (305) 995-5300/Fax: (305) 995-5310<br>Attorney for Plaintiff | JEFFREY E. FOREMAN, ESQ.<br>FBN 240310<br>jforeman@mflegal.com<br>NOAH D. SILVERMAN, ESQ.<br>FBN 0401277<br>nsilverman@mflegal.com<br>MALTZMAN FOREMAN, PA<br>2 South Biscayne Boulevard<br>Suite 2300<br>Miami, Florida 33131<br>Tel: (305) 358-6555/ Fax: (305)-374-9077<br>Attorneys for Defendant<br>  NCL (Bahamas) Ltd. |